UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY O. KIRK, ) | |
| ) | |
| Plaintiff ) | |
| ) | CAUSE NO. 3:05-CV-382 RM |
| vs. ) | |
| ) | |
| GATEWAY FOUNDATION, *et al.* ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Gregory O. Kirk, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). Weiss v. Colley, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is

> entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Kirk alleges that he is participating in a drug and alcohol treatment program. Inmates participating in this program are required to work. Mr. Kirk alleges that he has tried without success to obtain a letter from the medical department placing restrictions on his work. He sues only the Gateway Foundation and its counselors; the issues surrounding his complaints with the medical department are addressed in his complaint under cause number 3:05-CV-383.

Mr. Kirk alleges that because he refuses to work and sleeps on the job, his phone privileges have been restricted, he has been confined to his room, denied the right to listen to his radio or watch TV, and given additional work. As Mr. Kirk states in his complaint, "the Medical Dept. . . . have vehemently denied me of any such documentation" of work limitations. Complaint at 3, docket # 1. Restricting Mr. Kirk's privileges does not violate the Constitution because "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995).

Mr. Kirk alleges that he was told that he could receive a medical discharge from the program and then the offer was changed or withdrawn. Mr. Kirk alleges that this is a breach of contract. It is not. It is, at most, verbal abuse and harassment, which does not state a claim. <u>DeWalt v. Carter</u>, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.")

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July 11, 2005

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court